**Christopher Earl STRUNK,**
**Plaintiff–Appellant,**

**v.**

**UNITED STATES HOUSE OF REPRESENTATIVES, Dennis Hastert, Dick Armey, Richard Gephardt, Bernard Sanders, Adolphus Towns, U.S. Dept. of Commerce, Bureau of the Census, William M. Daley, State of New York, President of the USA, Senator Pro Tempore, Assembly Speaker, Democratic Party Committee of Kings County, Judith Hope, Chairwoman, NYS Democratic Party, Bill Powers, Alexander F. Treadwell, Secretary of State, George E. Pataki, State of N.Y. Governor, Fred Asbell, The U.S. Cen-** sus **Monitoring Board, Mark Johnson, The U.S. Census Monitoring Board, The NYS Republican State Committee, Defendants–Appellees.**

**Docket No. 02–6159.**

United States Court of Appeals, Second Circuit.

June 23, 2003.

Christopher Earl Strunk, Brooklyn, NY, pro se.

Orelia E. Merchant., Assistant United States Attorney (Deborah B. Zwany, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellees United States House of Representatives, Dennis Hasbert, Dick Armey, Richard Gephardt, Bernard Sanders, Adolphus Towns, U.S. Dept. of Commerce, Bureau of the Census, William M. Daley, President of the USA, Fred Asbell, The U.S. Census Monitoring Board, Mark Johnson, and The U.S. Census Monitoring Board.

Marion R. Buchbinder, Assistant Solicitor General (Melanie L. Oxhorn, Assistant Solicitor General, on the brief), for Eliot Spitzer, Attorney General of the State of New York, New York, N.Y. for Appellees State of New York and the New York Governor, Attorney General, Secretary, Senate Pro Tempore, and Assembly Speaker.

Present: NEWMAN, WINTER, and B.D. PARKER, Jr., Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff Christopher Earl Strunk, *pro se,* appeals from a judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge* ) granting the defendants' motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 8(a)(2). In a generally unintelligible complaint filed in April 1999, Strunk alleged that various officials of the United States and New York State governments had violated his rights under the First, Fifth, Ninth, Tenth, Twelfth, Fourteenth, Fifteenth, Seventeenth, Nineteenth, Twenty–Fourth, and Twenty–Sixth Amendments to the United States Consti-

tution. The complaint cited 13 U.S.C. §§ 141 and 195 and 42 U.S.C. §§ 1982, 1983, 1985, and 1986.

The defendants moved to dismiss the complaint under Rule 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The District Court dismissed the complaint, but gave Strunk leave to file an amended complaint that complied with Rule 8(a)(2). Strunk filed an amended complaint in May 2000, and the District Court dismissed it as well under Rule 8(a)(2), granting Strunk leave to file a second amended complaint. The court instructed Strunk to include, in his second amended complaint, a concise statement of his claims against the defendants and an explanation of how the defendants' alleged misconduct injured him. In August 2000 Strunk filed a second amended complaint, which the District Court once again dismissed under Rule 8(a)(2), granting Strunk leave to amend his complaint yet again.

Strunk filed a third amended complaint in April 2001, and the defendants again moved to dismiss pursuant to Rule 8(a)(2) on the ground that Strunk's claims were indiscernible and his complaint unintelligible. While this motion was pending, Strunk moved for permission to file a fourth amended complaint, for a preliminary injunction, and to have his case heard by a three-judge panel pursuant to 28 U.S.C. § 2284.

The District Court granted the defendants' motion and dismissed Strunk's third amended complaint with prejudice for failure to comply with Rule 8(a)(2) because it did not explain how Strunk's rights had been violated or how the defendants had caused him injury. The court denied all of Strunk's motions. Following entry of judgment, Strunk appealed. Strunk's appellate brief, which attempts to allege

twelve grounds of reversible error, is unintelligible and fails to articulate any claims against any of the defendants.

We review a district court's dismissal under Rule 8 for abuse of discretion. *See Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000). Although a plaintiff should generally be given leave to amend following a Rule 8 dismissal, dismissal without leave to amend is proper where, as here, prior leave to amend was generously extended and the successive pleading remains prolix and unintelligible. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988).

As noted above, Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this requirement is to provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial. *See Salahuddin,* 861 F.2d at 42. A complaint fails to comply with Rule 8(a)(2) if it is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*

The District Court properly dismissed Strunk's third amended complaint and properly denied his motion to file a fourth amended complaint, as his complaint was unintelligible and his claims indiscernible. In each of his complaints, Strunk asserted violations of several federal statutes and eleven constitutional amendments, without explaining what conduct constituted the violations, which defendants violated which statutes or amendments, or how the alleged violations harmed him. Thus, the complaint did not put the defendants on notice of the allegations against them. *See Salahuddin,* 861 F.2d at 42. As previously noted, the District Court allowed Strunk to amend his complaint three times and instructed Strunk how to cure the pleading defects each time. Thus, the District Court acted well within its discretion when it denied Strunk's motion to amend his complaint a fourth time.

We have considered the plaintiff's remaining contentions and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.